**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **SHAREASA MORRIS**<br>23298 Williams Avenue<br>Euclid, Ohio 44123<br><br>        Plaintiff,<br>    v.<br><br>**CHECK SERVICES, LLC**<br>c/o Michelle Smith, Officer<br>55 Financial Way<br>Mason, Ohio 45040, and<br><br>**MICHELLE SMITH**<br>55 Financial Way<br>Mason, Ohio 45040,<br><br>        Defendants. | )<br>)  Case No:  1:12-cv-875<br>)<br>)  JURY DEMAND REQUESTED<br>)<br>)  **CIVIL COMPLAINT**<br>)  **(Unlawful Debt Collection Practices)**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

SHEREASA MORRIS (Plaintiff), by her attorneys, KAHN AND ASSOCIATES, L.L.C., alleges the following against CHECK SERVICES, LLC, AND MICHELLE SMITH, INDIVIDUALLY (Defendants):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

3. Because Defendants conduct business in Ohio, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

5. Plaintiff is a natural person who resides in the City of Euclid, Cuyahoga County, Ohio and is allegedly obligated to pay a debt, and Plaintiff is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

6. Pursuant to the definitions outlined in *15 U.S.C. 1692a(1-6)*, Defendants are debt collectors and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

7. Defendants are debt collector with an offices in Mason and Cincinnati, Ohio.

8. Defendants use instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

9. Defendants are a collection agency or agencies that in the ordinary course of business, regularly, on behalf of itself or others, engage in debt collection.

## FACTUAL ALLEGATIONS

10. In mid-December, 2011, Defendants and/or their employees, agents or other representatives, via phone number of 972.232.9099, contacted Plaintiff's mother regarding Plaintiff's alleged nonpayment of a consumer loan and discussed with Plaintiff's mother that they were seeking to collect payment from Plaintiff on the

debt. Defendants further advised Plaintiff's mother to have Plaintiff return their call at 513.330.9553 and that any failure to quickly do so would result in the issuance of a criminal warrant for Plaintiff's arrest.

11. Terrified, Plaintiff's mother contacted her to provide the information, directive and phone number of Defendants.

12. Plaintiff thereafter immediately contacted Defendants at 513.330.9553, wherein Defendant Michelle Smith personally advised her that no criminal warrant would issue if Plaintiff remitted payment of $350 to Defendants by 4 pm that business day. Plaintiff made arrangements to pay the money that Defendants demanded of her.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

13. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

    b. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

    c. Defendant violated *§1692f* of the FDCPA through the use unfair or unconscionable means to collect or attempt to collect any debt.

    d. Defendant violated *§1692(b)* of the FDCPA by, without the prior consent of the consumer given directly to the debt collector, or the express

      permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, communicating in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

e. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

f. Defendant violated *§1692e(4)* of the FDCPA by representing or implying that the nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

g. Defendant violated *§1692e(5)* of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

h. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector.

i. Defendant violated *§1692(c)(b)(2)* of the FDCPA by communicating with

third parties regarding the debt without the prior consent of the consumer.

WHEREFORE, Plaintiff, SHEREASA MORRIS, respectfully requests judgment be entered against Defendants, jointly and severally, for the following:

14. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

15. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

16. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, SHEREASA MORRIS, requests a jury trial in this case.

Respectfully submitted,

**KAHN & ASSOCIATES, LLC**

*/s/ David W. Skall*

**DAVID W. SKALL (0068740)**
dskall@kahnandassociates.com
6200 Rockside Woods Blvd., Suite 215
Cleveland, Ohio 44131
216.621.6101 Telephone
216.621.6006 Facsimile

Attorney for Plaintiff